IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-2938-WJM-BNB

CHARLES C. ADAMS JR.,

    Plaintiff,

v.

GRAND SLAM CLUB/OVIS, an Alabama corporation,
DENNIS CAMPBELL, and
THOMAS L. MIRANDA JR.,

    Defendants.
_____

ORDER DENYING DEFENDANTS' MOTION TO TRANSFER
VENUE UNDER 28 U.S.C. § 1404(a)
_____

    Plaintiff Charles C. Adams, Jr. ("Plaintiff") has brought this civil action alleging trademark infringement and related claims against Defendants Grand Slam Club/Ovis ("GSCO"), Dennis Campbell, and Thomas L. Miranda, Jr. (collectively "Defendants"). (ECF No. 8.)  Before the Court is Defendants' Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the District Court for the Northern District of Alabama ("Motion"). (ECF No. 15.)  For the reasons set forth below, Defendants' Motion is denied.

I. BACKGROUND

    Plaintiff filed his Complaint on November 8, 2012 (ECF No. 1), and an Amended Complaint on December 6, 2012.  (Am. Compl. (ECF No. 8.))  Plaintiff brings claims for trademark infringement and related claims under the Lanham Act, 15 U.S.C. §§ 1051-1127; the Colorado Deceptive Trade Practices Act, Colo. Rev. Stat. §§ 6-1-105 *et seq.*; common law trademark rights, and invasion of privacy, alleging that Defendants

infringed Plaintiff's trademark on the term "SUPER SLAM" by distributing goods and services using the mark via Internet and mail. (Am. Compl. at 2, 6-7.) Plaintiff seeks damages, injunctive relief, the cancellation of similar trademarks held by GSCO, and other relief. (*Id.* at 17-19.)

On February 28, 2013, Defendants filed a Motion to Transfer Venue under 28 U.S.C. § 1404(a). (ECF No. 15.) Plaintiff filed a Response to Defendants' Motion on February 28, 2013. (ECF No. 23.) Defendants filed their Reply on March 14, 2013. (ECF No. 25.) The Motion is now ripe for review.

## II.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party seeking to transfer a case bears the burden of establishing that the existing forum is inconvenient. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). In ruling on a motion to transfer venue, district courts must assess two issues: (1) whether the case might have been brought in the proposed transferee district, and (2) whether the "competing equities" weigh in favor of adjudicating the case in that district. *See Hustler Magazine, Inc. v. U.S. Dist. Court for the Dist. of Wyo.*, 790 F.2d 69, 71 (10th Cir. 1986). The competing equities include the following factors:

> (1) plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of

> questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). The decision to transfer venue lies in the sole discretion of the district court and should be based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

### III. ANALYSIS

**A.  This Case Might Have Been Brought in the Northern District of Alabama**

Plaintiff does not dispute that this case might have been brought in the Northern District of Alabama. (*See* ECF No. 23.) Defendant GSCO's headquarters, and consequently its conduct related to this action, is located in Birmingham, Alabama, in Jefferson County, which is in the Northern District of Alabama. (ECF No. 15 at 5); 28 U.S.C. § 81(a). Defendant Campbell also resides in Jefferson County, Alabama. (ECF No. 15 at 3.) As the challenged actions here have a connection to the transferee district, the Court finds that this case might have been brought in the Northern District of Alabama.

**B.  The "Competing Equities" Factors**

   **1.  Plaintiff's Choice of Forum**

Plaintiff argues that his choice of this forum should be given considerable weight. (ECF No. 23 at 3.) "Unless the balance is strongly in the favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed" by the court. *Scheidt v. Klein*, 956

F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).  However, a plaintiff's choice of forum is entitled to less deference when it is neither his place of residence, nor the place where the operative facts giving rise to the claims occurred.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (when a plaintiff files a suit outside of his home forum, the presumption that his choice of forum is convenient applies with "less force"); *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095, 1098 (D. Colo. 2006) ("[T]he usual deference to plaintiffs' forum choice is diminished where plaintiffs do not reside in the chosen forum."); *Bailey v. Union Pac. R.R.*, 364 F. Supp. 2d 1227, 1229-30 (D. Colo. 2005) (finding plaintiff's forum choice entitled to little weight where "[i]t is neither his home nor the place of the accident" at issue).

Here, Plaintiff resides not in Colorado, but in Wyoming.  (Am. Compl. at 2.)  In contrast, Defendant GSCO maintains its offices and conducts relevant operations in the Northern District of Alabama, and Defendant Campbell resides in the same District.  (*Id.*)  Moreover, Plaintiff alleges that the infringing conduct of both Defendants Campbell and Miranda occurred in conjunction with GSCO's use of Plaintiff's trademark.  (*See id.*)  Plaintiff admits that the allegedly infringing conduct was "national in scope," as it occurred primarily via Internet and mail directed at big game hunters located "in many states," and was not centered in any particular district.  (*See* ECF No. 23 at 4.)  As Colorado is neither Plaintiff's state of residence, nor was it the place where the events giving rise to Plaintiffs' claims occurred, the Court finds that Plaintiff's choice of forum

4

should be afforded little weight.

### 2. <u>Witnesses and Sources of Proof</u>

"The convenience of witnesses is the most important factor in deciding a motion [to transfer venue] under § 1404(a)." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)). "To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *Id.* (quoting *Scheidt*, 956 F.2d at 966) (brackets and internal quotation marks omitted).

Defendants argue that this factor weighs in favor of transfer because GSCO's operations and records are located in Alabama, and "it does not appear that any witnesses or documents related to the allegations in this case are located in the District of Colorado." (ECF No. 15 at 6.) However, Defendants' Motion fails to identify any specific witnesses, their locations, or the content and materiality of their testimony, making it impossible to evaluate the relative convenience of the forums for those witnesses. Even taking as true Defendants' assertion that witnesses and sources of proof would likely be located at GSCO's headquarters in Alabama, Defendants have failed to demonstrate "that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary" in order to obtain the testimony of such witnesses at trial. *See Employers Mut. Cas. Co.*, 618 F.3d at 1169; *see also Galvin v.*

*McCarthy*, 545 F. Supp. 2d 1176, 1183 (D. Colo. 2008) (where defendant "does not list the records that are located in Texas or explain why transmitting such records, either in paper or electronic form, to Colorado is more inconvenient than transferring the information within Texas . . . [defendant] has failed to show that the location of the evidence weighs in favor of transfer"); *Davis Audio Visual, LLC v. Greer*, 2009 WL 2136644 at *1 n.8 (D. Colo. July 15, 2009) (quoting *Galvin*).

In contrast, Plaintiff argues in his Response that the parties' initial disclosures under Rule 26(a)(1) show that several likely witnesses are located in Colorado or adjacent districts, and only the Defendants themselves are located in Alabama. (*See* ECF No. 22 Exs. 3, 4.) Defendants counter that Plaintiff's list of witnesses is "substantially exaggerated" and includes apparent expert witnesses, whose convenience bears little weight. (ECF No. 25 at 4.) However, even without reviewing the details of the parties' witness lists as submitted with their initial disclosures, it is clear that Defendants' Motion has failed to demonstrate that the District of Colorado would be inconvenient for witnesses, as required under Tenth Circuit caselaw. *See Employers Mut. Cas. Co.*, 618 F.3d at 1169.

As Defendants have failed to meet their burden to demonstrate inconvenience with regard to witnesses and sources of proof, the Courts finds that the second—and most important—factor weighs against transfer.

    3.    <u>The Cost of Making the Necessary Proof</u>

Defendants argue that because GSCO is a non-profit entity, the cost of making the necessary proof due to travel by potential witnesses or other transfer of information

would be unnecessarily burdensome.  (ECF No. 15 at 6.)  However, as noted above, Defendants have failed to enumerate the necessary witnesses and the content and materiality of their testimony, such that the Court has no way to determine whether travel by such witnesses would even be necessary.  Defendants note in their Reply that "[i]n a trademark case, much of the evidence involves the alleged infringer's advertising and marketing methods; this information is in the business records of the defendant."  (ECF No. 25 at 5.)  However, whether the case is transferred to Alabama or remains in Colorado, "[e]ither way, the information and documentation will need to be copied or scanned and delivered to counsel for Plaintiff."  *Galvin*, 545 F. Supp. 2d at 1183.  Defendants have not explained why transmitting its business records will be more costly if the case is not transferred.  *See id.*

Therefore, as Defendants have failed to demonstrate that the District of Colorado would be inconvenient with regard to the cost of making the necessary proof, the Court finds that the third factor weighs neither for or against transfer.

    4.    <u>Enforceability of a Judgment</u>

Under the fourth factor, enforceability of a judgment, the Northern District of Alabama will likely be more able to enforce any potential judgment against Defendants, as both GSCO and Defendant Campbell are located there.  (ECF No. 15 at 5); *see Bryant v. Allianz Life Ins. Co. of N. Am.*, 2010 WL 3174749 at *3 (D. Colo. Aug. 10, 2010) (finding that the District of Minnesota would have "a slightly better ability" to enforce a judgment over a Minnesota-headquartered company).  Accordingly, the Court finds that the fourth factor weighs slightly in favor of transfer.

     5.     <u>All Other Factors and Considerations</u>

The remaining factors, largely ignored by both parties here, are either irrelevant or neutral in this case.  (*See* ECF No. 15 at 7; ECF No. 23 at 7.)  There is nothing in the record to suggest that the parties litigating in either forum will have particular difficulties with obtaining a fair or expedient trial, or that any practical questions, questions of local laws, or conflicts of law are likely to arise here.  *See Hustler Magazine*, 790 F.2d at 71.  Therefore, the Court finds no particular advantages or disadvantages of either forum that weigh for or against transfer.

In sum, the Court finds that although this case might have been brought in the Northern District of Alabama, when considering the "competing equities," only the fourth factor, enforceability of a judgment, weighs slightly in favor of transfer, and the second factor, convenience of witnesses, weighs against transfer.  As such, the Court finds that Defendants have failed to meet their burden of establishing that the existing forum is inconvenient, and that as a consequence this case should be transferred.  *See Chrysler Credit Corp.*, 928 F.2d at 1515.  Accordingly, the Court declines to transfer the case.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendants' Motion to Transfer Venue under 28 U.S.C. § 1404(a) (ECF No. 15) is DENIED.  This case will proceed before this Court as scheduled.

Dated this 4th day of April, 2013.

BY THE COURT:

William J. Martinez
United States District Judge