IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02938-WJM-BNB

CHARLES C. ADAMS, JR., an individual,

    Plaintiff,

v.

GRAND SLAM CLUB/OVIS, an Alabama corporation,

    Defendants.

---

## [PROPOSED] PROTECTIVE ORDER

---

This matter having come before the Court pursuant to the Parties' Stipulated Motion for Protective Order **and good cause having been shown,** ~~;~~

~~WHEREAS, the Parties agree that this case involves discovery of confidential, proprietary and trade secret information; and~~

~~WHEREAS, responses to discovery may likely require disclosure of customer lists; economic and business planning information both of which are confidential and proprietary; and sales, revenues and profits; and~~

~~WHEREAS, good cause therefore exists for entry of this Protective Order;~~

~~WHEREAS, the Parties agree that certain confidential information will be treated as follows:~~

~~IT IS HEREBY STIPULATED AND AGREED, by and among plaintiff and defendant herein, and their respective undersigned counsel, as follows:~~

**IT IS ORDERED:**

1. **Introduction.** This Protective Order shall govern all confidential non-public documents and other confidential non-public information obtained by or from plaintiff or defendant in the above captioned action, all information or by-products derived therefrom, and all copies, portions, abstracts, digests or summaries thereof including, but not limited to, documents produced pursuant to Rules 30(b)(5), 33(c), 34 or 45 of the Federal Rules of Civil Procedure, answers to requests for admissions and interrogatories, documents subpoenaed from non-parties in connection with depositions or otherwise, deposition testimony and transcripts, and any other confidential information, documents, objects or things which have been or will be produced or received by any party. The aforesaid materials are collectively referred to herein as "confidential" and "Confidential Information."

2. **Designation.**

    **(a)** With respect to any document to be produced or interrogatory answer given, any designation of confidentiality shall be made prior to the date on which the document is produced or answer given by placing upon it a legend stating "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

    **(b)** With respect to any deposition exhibit or transcript (or portions thereof) a confidential designation shall be made on the record at the deposition or within fifteen (15) days of receipt of the deposition transcript, and the transcript (or portions thereof) of such deposition shall be so marked. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), the entire deposition shall be treated as if it were confidential. To the extent counsel designates

information elicited at the deposition as "Highly-Confidential-Attorneys' Eyes Only," only persons entitled to the disclosure of that information in accordance with this Protective Order shall attend that portion of the deposition.

      **(c)**    A party may designate as confidential any discovery material produced by a non-party to these proceedings or any portion thereof by notifying opposing counsel in writing of those documents which are to be stamped and treated as confidential, such notice to be given no later than fifteen (15) days after actual receipt of copies of those materials by notifying party's counsel. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such materials shall be treated as confidential.

      **(d)**    Any discovery material produced by a non-party to the litigation may be designated as confidential by the non-party by notifying all counsel in writing of those documents which are to be stamped and treated as confidential, such notice to be given no later than fifteen (15) days after actual receipt of copies of those documents. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such materials shall be treated as confidential.

    **3.**    **Public Information.** Confidential treatment may not be claimed for any information or materials previously known to the parties or available and made known to the parties through legitimate alternative means (i.e., through sources other than discovery of the other party).

    **4.**    <u>Parties to Whom Disclosure Allowed – "Confidential" Information.</u>

Subject to paragraphs 5 and 6 below, Confidential Information designated "Confidential" may be shown, or its contents disclosed, to the following persons and the following persons only:

  **(a)** the parties to this case;

  **(b)** counsel of record, general counsel and office personnel employed and assisting them in this case;

  **(c)** witnesses testifying in this action either in discovery or at trial;

  **(d)** any expert, investigator or consultant retained by counsel in connection with this case;

  **(e)** the Court before which this case is pending; and

  **(f)** any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

**5.** **<u>Parties to Whom Disclosure Allowed – "Highly Confidential -- Attorneys' Eyes Only" Information</u>.**

Confidential Information deemed to be sufficiently sensitive to limit access to such information to counsel of record shall be designated "Highly Confidential – Attorneys' Eyes Only." This designation shall be used only when the Providing Party believes in good faith that the information or thing is competitively sensitive to the Providing Party or competitively useful to the receiving party. By definition a trademark and its use is of a public nature. A Providing Party must take care to limit any such designation, including by redacting, so that other portions are available. Mass designations as "Highly Confidential- Attorneys Eyes Only" of documents that are not highly confidential are not permitted and can expose the Providing Party to sanctions. ~~With respect to sales revenues and profits, the parties must and shall be entitled to be informed sufficiently to know, understand and evaluate that Party's and the opposing Party's~~

4

~~damage claims. For that purpose, financial information can be summarized, including by type, and provided to the parties, while withholding from the Party individual customer and transaction information.~~

Confidential Information designated "Highly Confidential – Attorneys' Eyes Only" may be shown, or its contents disclosed, to the following persons and the following persons only and under the following circumstances:

> **(a)** counsel of record and office personnel employed and assisting them in this case;
>
> **(b)** any outside, non-party expert, investigator or consultant, retained by counsel in connection with this case;
>
> **(c)** the Court before which this case is pending; and
>
> **(d)** any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.
>
> **(e)** a non-party witness being examined by deposition, where relevant and necessary;
>
> **(f)** during Trial unless some additional Order is sought and entered by the Court.

No such information shall be disclosed to any party.

6. **Expert Discovery.** Expert discovery shall be governed by Fed.R.Civ.P. 26(b)(4).

7. **Any request to restrict access to materials filed with the court must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~**Filing Under Seal.** If any party wishes to file with the Court any document that contains or comprises Confidential or Highly Confidential-Attorneys' Eyes Only information, that party shall comply with Local Rule CR 5(g)(2). The document shall been deemed timely filed as of the date of the motion under Local Rule CR 5(g)(2). If the Motion is allowed, such documents should bear the following legend:~~

~~"THIS DOCUMENT CONTAINS CONFIDENTIAL MATERIAL COVERED BY A PROTECTIVE ORDER OF THE COURT. THE CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT."~~

~~If, through inadvertence or otherwise, any Confidential document is filed with the Court without the appropriate notice, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and to the Court, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.~~

8. **Limitations on Use.** Confidential Information, or any information derived therefrom, shall be used or disclosed solely for the purpose of assisting counsel of record in connection with this litigation and not for other litigation, competitive, business or any other purpose whatsoever. All obligations and duties arising under this Protective Order shall survive the termination of this action. This Court retains jurisdiction over the parties respecting any dispute regarding the improper use of information disclosed under protection of this Protective Order.

9. **Declaration.** Counsel agree to make all reasonable efforts to ensure compliance with this Protective Order. Any person referred to in paragraph 4(a), 4(c), 4(d), or 5(b) to whom any Confidential Information, or the contents thereof, is disclosed shall first execute a Declaration in the form attached hereto as Exhibit "A." Any Declaration executed pursuant to this paragraph 9 shall be retained by counsel and need not be disclosed to opposing counsel except pursuant to further order of the Court.

10. **Objections and Privileges**. This Protective Order is intended to protect information as to which there is no obligation owed other than confidentiality.  Any signatory hereto shall have the right to object to any disclosure of information or production of any document it deems to be Confidential Information subject to this Protective Order on any other ground it may deem appropriate pursuant to the Federal Rules of Civil Procedure.  If information subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is inadvertently produced, the party making the privilege claim shall proceed pursuant to Fed.R.Civ.P. 26(b)(5).

11. **Requests for Confidential Information**.  In the event that any person in receipt of Confidential Information originating with another party shall receive a written request, subpoena, or court order seeking disclosure of the Confidential Information, such person shall promptly provide a copy of the request, subpoena, or court order to counsel for the Producing Party.

12. **Use of Own Confidential Information**.  Nothing in this Protective Order shall limit any party or person in the use of its own documents, things, or information for any purpose; from disclosing its own Confidential Information to any person; or from consenting to the disclosure of its own Confidential Information by the Receiving Party.

13. **Challenges to Designation**.  **A party may object to the designation of particular "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be**

**the obligation of the party designating the information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and shall not thereafter be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."** ~~Any signatory hereto may seek relief from, or modification of, this Protective Order or challenge the designation of documents, information or transcripts as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The Producing Party and Receiving Party shall confer in good faith to resolve any such disagreements.~~

  14. **<u>Improper Disclosure</u>**. If any Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the party or person who designated the disclosed information of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name,

address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information  The party responsible for the disclosure shall advise the person to whom disclosure was made that the material is confidential and should be treated as provided in this Protective Order.  In addition, the party responsible for the disclosure shall retrieve all copies of the information accidentally disclosed.

      15.    **<u>Inadvertent Absence of Marking</u>**.  Failure to designate any materials as Confidential shall not be deemed a waiver of the right to designate such testimony as Confidential Information.  If, through inadvertence, a Producing Party provides any Designated Material pursuant to this litigation without designating and marking the Designated Material as confidential, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Designated Material as confidential upon receipt of written notification from the Producing Party.

      16.    **<u>Final Determination</u>**.  Upon the final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either:  (a) assemble and return all Confidential Information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the designating party, or (b) certify in writing that all Confidential Information within their control or the control of those to whom they distributed any such information has been destroyed.  Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product

which refer to or incorporate Confidential Information and will continue to be bound by the terms of this Protective Order with respect to any such information.

Dated June 12, 2013.

BY THE COURT:

 s/ Boyd N. Boland

United States Magistrate Judge

~~With the filing of this Proposed Protective Order, the parties agree that (1) provisions of the "Whereas" clauses above are a binding agreement; and (2) violation of this agreement may cause harm for which there is no adequate remedy at law and agree injunctive relief may be necessary.~~

Respectfully submitted,

| | |
|---|---|
| Law Office of James Jablonski | Faegre Baker Daniels LLP |
| /James A. Jablonski | /s Marc C. Levy |
| James A. Jablonski<br>1801 Broadway, #1100<br>Denver, CO<br>(303) 962-8615 | Marc C. Levy<br>3200 Wells Fargo Center<br>1700 Lincoln Street<br>Denver, CO 80203-4532<br><br>Kevin S. Costanza<br>*Pro Hac Vice*<br>Michael J. Freno<br>*Pro Hac Vice*<br>Seed IP Law Group PLLC<br>701 Fifth Avenue, #5600<br>Seattle, WA 98104<br>(206) 622-4900 |

## **EXHIBIT A**

### **AGREEMENT CONCERNING PROTECTED**
### **MATERIAL COVERED BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that (s)he has read the "Protective Order" entered by the United States District Court for Colorado, in the above-captioned action on _____ , 20 \_\_\_ , understands the terms thereof and agrees:

1. that (s)he shall fully abide by the terms thereof;

2. that (s)he shall not disclose Confidential Information to, or discuss Confidential Information with, any person who is not authorized pursuant to the terms of the Protective Order to receipt and disclosure of the same, and who has not signed an agreement as therein provided;

3. that (s)he shall not use said Confidential Information for any purpose other than the prosecution or defense of this litigation; and

4. that (s)he shall will be subject to the jurisdiction of the United States District Court for Colorado for the purposes of compliance with, and sanction for noncompliance with, the terms of said Protective Order.

The undersigned has reviewed the following Protected Information:

_____

_____

_____

_____

_____

_____

_____

_____

Signature: _____

Name: _____

Employer: _____

Title: _____

Subscribed and sworn to before me in the said County of _____,

State of _____, this _____ day of _____, 20\_\_.

_____
Notary Public
My Commission Expires: _____